## Puleo v. Silvester

*Alphonso Santangelo*, for plaintiff.

*J. W. Beeghley, Jr.*, for defendant.

KNIGHT, P. J., December 20, 1951.—From the transcript and depositions, these are the facts. Plaintiff brought suit in trespass before Charles J. Gorman, a justice of the peace, seeking to recover compensation for property damage. A hearing was fixed for May 16, 1951, at which defendant appeared. The justice had neglected to notify plaintiff of the hearing so it was continued to May 23rd. At the continued hearing defendant did not appear and after hearing the justice gave judgment for plaintiff for $173.10 and costs.

On the next day, May 24th, William L. Huganir, a member of our bar, telephoned the justice that he was taking an appeal. On June 4, 1951, Mr. Huganir sent to the justice the affidavit that the appeal was not taken for delay together with a bond and surety. On June 13, 1951, the justice sent a certified transcript of his docket entries together with the other papers to Mr. Huganir and the appeal was filed in the prothonotary's office on June 15th. No notice of the filing of the appeal was sent to plaintiff until August 22, 1951.

The law requires that an appeal must be filed before the next term of court after it is taken and the next term of court after the hearing of May 23, 1951, was June 4, 1951. It is apparent then that if the appeal in this case was taken on May 24th as set forth in the transcrpit, it was filed too late and should be stricken

off. The question is whether the appeal was taken on May 24th, the date in the transcript, or on June 5th as contended by defendant. It is obvious that calling on the telephone and expressing an intention to take an appeal is not taking an appeal. For our present purpose at least, an appeal is not taken unless it is processed and perfected to the point where it could be filed in this court.

The justice admits that he made a mistake in setting forth in his transcript that the appeal was taken on May 24th and we are satisfied after reading the depositions that it was not perfected and ready for filing until after June 4th. Defendant should not be prejudiced by the mistake of the justice. By the same token it is undisputed that the justice did not prepare a certified copy of his record until June 13th and therefore the appeal could not have been filed before that date so again defendant should not be prejudiced by the delay of the justice.

Our rules of court provide that notice of the filing of an appeal must be given the opposing party within 5 days. This was not done in this case. We feel, however, that a strict compliance with the rule should be waived in this case. Plaintiff obviously knew that the appeal was taken for he took a rule to strike it off because it was not filed in time and it has not been shown that he was in any way hurt by the delay.

And now, December 20, 1951, the rule is discharged.